IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

4:37 pm, 5/20/13

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM S. LEWIS, | ) | Case No. 12-20295 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| BEVERLY GORNY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-2027 |
| | ) | |
| WILLIAM S. LEWIS | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On May 2, 2013, this matter came before the court for a telephonic hearing on the Motion for Summary Judgment filed by debtor/defendant, William S. Lewis, ("Lewis") and the response filed by the plaintiff, Beverly Gorny ("Gorny"). At the conclusion of the hearing, the court took the matter under advisement.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(I) and (J). The motion is brought under Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.[1] Gorny's complaint requests claims for relief

---

[1] Unless otherwise indicated all future statutory reference are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*

under 11 U.S.C. § 523(a)(4) which excepts debts from discharge for: (1) embezzlement; (2) fraud or defalcation while acting in a fiduciary capacity; and, (3) willful and malicious injury to Gorny under §523(a)(6).

**Uncontested facts**

Mr. Lewis filed his chapter 7 bankruptcy petition on April 4, 2012. Historically, , Lewis was a paint contractor. Prior to filing his bankruptcy petition and since 1995, he is associated with Number One Properties, Cheyenne, Wyoming. The parties have known each other since the 1980's and were involved in previous business transactions.

In November 2004, Gorny provided $75,000.00 to Lewis to purchase two lots in Laramie County for the purpose of building a house on each lot and selling the properties. The parties did not enter into a written agreement regarding this transaction. Ms. Gorny paid the funds to Westwood Homes, LLC ("Westwood"), per Lewis' request. Mr. Lewis is the sole owner of Westwood.

For whatever reasons, houses were not built on the lots. In November 2005, one lot sold for the amount of $48,000.00. In December 2006, the second lot sold for $40,500.00. In January 2007, Lewis paid Gorny the amount of $40,000.00 leaving an unpaid balance in the amount of $35,000.00 plus interest subject to this non-dischargeability complaint. The parties appear to disagree whether the business transaction was an unsecured loan or whether Gorny intrusted the funds to Lewis for the purpose of the joint land development venture.

**Discussion**

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits, reviewed in the light most favorable to the party opposing the motion, show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[2] A material fact is one that could affect the outcome of the suit. A genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[3] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[4]

Gorny alleges that her claim should not be dischargeable under §§ 523(a)(4) and (a)(6).

The Bankruptcy Code provides, in part, as relevant:

> A discharge under section 727...does not discharge an individual debtor from any debt:

---

[2] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056; *Hardy v. S. F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999) and *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995)

[3] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[4] *Id.*

Page 3

 (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...;

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity..."

Gorny alleges that Lewis (1) intentionally concealed the sale of the second lot and diverted the funds to himself, constituting embezzlement; (2) was acting in a fiduciary capacity regarding the funds and his intentional concealment of the sale and misappropriation of the funds constitutes fraud or defalcation; and, (3) willfully and maliciously injured Gorny by these acts of conversion.

Embezzlement

Embezzlement occurs when there is a fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud.[5]

Lewis initially did not address the embezzlement claim in this motion. In his reply to Gorny's response to the motion for summary judgment, he argues that Gorny's claim is meritless as Gorny loaned the funds to Lewis, without a written contract or agreement, did not rely upon Lewis as a real estate professional; and should have protected her interests by demanding the parties establish an escrow account.

The court finds that this argument is not supported by facts, but appears to be a memorandum of law on the issue. Reviewing the facts in the light most favorable to the

---

[5] *In re Putvin*, 332 B.R. 619 (10th Cir. BAP 2005).

Page 4

non-moving party, the court finds that there are material issues of genuine fact at issue regarding the parties' intent regarding the transaction and whether there was fraud.

Fraud or defalcation

Under §523(a)(4), the creditor must show (1) the existence of a fiduciary relationship between the debtor and the objecting party; and (2) a defalcation committed by the debtor in the course of the fiduciary relationship.[6] The United Supreme Court recently defined "defalcation," stating:

> "where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term [defalcation] requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent. Thus, we include reckless conduct of the kind set forth in the Model Penal Code. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty."[7]

Again, reviewing the admissible evidence submitted by Lewis, the court finds that the parties intent and whether there was the existence of a fiduciary relationship between Lewis and Gorny are genuine issues of material fact requiring the testimony and evidence.

Willful or malicious injury

The United States Supreme Court also held that under § 523(a)(6), the word "willful" modifies the word "injury" indicating that non-dischargeability takes a deliberate

---

[6] *In re Parker*, 264 B.R. 685 (10th Cir. BAP 2001).

[7] *Bullock v BankChampaign, N.A.*, No. 11-1518, 2013 U.S. LEXIS 3521,(March 18, 2013).

or intentional injury, not merely a deliberate or intentional act that leads to injury. Negligent or reckless acts do not suffice to establish that a resulting injury is "willful and malicious. Intentional torts generally require that the actor intended "the consequence of an act" not simply the act itself.[8]

Upon a review of the pleadings, the court finds there are genuine issues of material fact including, but not limited to: the relationship between the parties; whether a fiduciary relationship existed; and whether the transaction was a loan or a transaction where Gorny entrusted the funds to Lewis to purchase the lots. Additionally, the court finds that there are genuine issues of material fact regarding Lewis' intent concerning the consequences of his actions. Lewis' statement that he has "no feeling of malice to Ms. Gorny..." does not suffice to establish that the resulting injury to Gorny was not willful or malicious.

Therefore, the court finds that upon reviewing the admissible evidence, in the light most favorable to Gorny, Lewis' motion for summary judgment fails and must be denied.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 20 day of May, 2013.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Paul Hunter
  Timothy L. Woznick

---

[8] *Kawaahau v. Geiger*, 523 U.S. 57 (1998).

Page 6